THE PEOPLE OF THE TERRITORY OF GUAM

v.

ROBERT LOUIS JAMES, Defendant

Criminal No. 61F-80
Superior Court of Guam
August 6, 1980

- - - - -

- - - - -

WEEKS, Judge

## DECISION AND ORDER

Preliminary examination was held in this matter to determine probable cause that the offenses charged were committed, and committed by the defendant.[1]

Defendant moved orally to dismiss as a matter of law preceding the evidentiary hearing, urging that the prior suppression by this Court of the weapon seized by the police made it impossible for the Government to prove that there was a firearm used by defendant. The showing of use of a firearm, he alleged, required under §8900 of the Government Code a showing that there was a 'fireable' weapon;[2] this, in turn, could only be done by proof that the weapon had, in fact, been fired. Since it was stipulated by the parties the weapon was not fired in the course of the incident, and any test subsequent to the illegal seizure could not be admitted, he concluded that that element of the offense was impossible to prove.

The Government relied upon a recently reported case from the Maryland Court of Special Appeals which held that the Maryland firearm statute was satisfied by credible testimony from witnesses as to the appearance of the weapon.[3]

The Court reserved on the oral motion and heard the evidence.

Upon the conclusion of the Government's presentation the motion was renewed. The defendant also argued that if Johnson applied, the witnesses' statements regarding the gun's appearance, having been tainted by post-seizure display to

109

them by police, were inadmissible. The government argued Johnson's applicability and urged the Court to use the "Totality" test in considering witnesses' descriptions.

The Court granted the motion, finding that the law as applied by the Maryland Court did not fulfill the intent of the Guam statute and was not controlling.

There being no showing of use of a firearm by defendant,

IT IS ORDERED that the complaint be dismissed and the defendant discharged.[4]

SO ORDERED.

Footnotes:
1. Section 45.50(a) Criminal Procedure Code of Guam [8 GCA].
2. Section 8900 of the Government Code of Guam as set out in the 1974 Supplement.
3. Johnson v. State, 411 A.2d 118.
4. Section 45.80(b) Criminal Procedure Code of Guam [8 GCA].